UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61002-CIV-MARRA/JOHNSON

KELVIN RANCE

      Plaintiff

vs.

KEN JENN, as Sheriff of
Broward County Sheriff's
Office, DETECTIVE ALBURY
BURROWS, individually, and
DETECTIVE PAUL CONDOLEO,
individually

      Defendants.
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon Defendants' Motion For Summary Judgment [DE 208].  The motion is fully briefed and ripe for review.  The Court has carefully considered all relevant filings and is fully advised in the premises.

## INTRODUCTION

On August 9, 2005, Plaintiff, Kelvin Rance ("Plaintiff" or "Rance"), filed suit in Broward County Circuit Court alleging claims of assault, battery, trespass, malicious prosecution, false arrest, false imprisonment, denial of due process, and emotional distress against Defendant Ken Jenn, as Sheriff of Broward County.  Plaintiff's claims arose out of his arrest on September 6, 2002, by Detectives Burrows and Condoleo of the Broward County Sheriff's Office.  The Sheriff moved to dismiss the complaint, or in the alternative, a more definite statement with regard to Plaintiff's claims.

During the pendency of the Sheriff's Motion to Dismiss, Plaintiff filed two motions to amend the complaint.  Leave to amend was granted, and Plaintiff filed his Second Amended Complaint on June 6, 2006.  Plaintiff's Second Amended Complaint abandoned the assault, battery, and trespass claims, and sought to clarify the due process claim as one arising under the federal Constitution.  Defendant Sheriff removed the action to this Court and answered the Second Amended Complaint.

Approximately six months later, Plaintiff sought again to amend/correct his complaint [DE 82].  This motion was granted [DE 118].  Approximately six months after that, Plaintiff sought permission to file a Fourth Amended Complaint [DE 159]. The Court granted that motion [DE 203].  The Fourth Amended Complaint raises for the first time causes of action against Detective Albury Burrows ("Burrows") and Detective Paul Condoleo ("Condoleo") individually.

The Fourth Amended Complaint ("Complaint") asserts causes of action against the Sheriff for (1) False Arrest/False Imprisonment; (2) Invasion of Privacy; (3) Excessive Force and Unlawful Detention under 42 U.S.C. § 1983; (4) Infliction of Mental and Emotional Distress; and (5) Malicious Prosecution.  The Complaint also asserts causes of action against Burrows and Condoleo individually under 42 U.S.C. § 1983 ("§ 1983") for false arrest and use of excessive force; and against Burrows individually for battery [DE 159].  Rance seeks damages in the amount of $100,000.00 for pain and suffering, lost wages, lost time, expenses, inconvenience, and injury to reputation, plus costs.

Defendants have moved for summary judgment.  The Sheriff argues that summary judgment should be granted in his favor because the record lacks any evidence that the Sheriff maintained a custom or policy that led to Plaintiff's alleged constitutional violation and that he is shielded from Plaintiff's invasion of privacy and infliction of emotional distress claims pursuant to Florida's Sovereign Immunity doctrine, Fla. Stat. § 768.28(9).  Burrows and Condoleo assert they are entitled to summary judgment in their favor on Plaintiff's § 1983 claim based on qualified immunity.  Additionally, Burrows argues that the acts taken by him to arrest Plaintiff do not give rise to an independent tort of battery since his alleged acts were no more than ordinary incidents of Plaintiff's arrest.

## STANDARD OF REVIEW

A court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(c), which states, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).  The moving party bears the burden of meeting this exacting standard.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  That is, "[t]he moving party bears 'the initial responsibility of informing the ... court of the basis for

its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.' " *U.S. v. Four Parcels of Real Property,* 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting *Celotex*, 477 U.S. at 323).  In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party.  *Batey v. Stone*, 24 F.3d 1330, 1333 (11th Cir. 1994).

The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position.  A jury must be able reasonably to find for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-252 (1986); *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).  Moreover, the Eleventh Circuit "has consistently held that conclusory allegations without specific supporting facts have no probative value." *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985).  "The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment." *Henderson v. Carnival Corp.*,

125 F. Supp. 2d 1375, 1376 (S.D. Fla. 2000).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citation omitted).

## UNDISPUTED FACTS

On September 6, 2002, at approximately 11:30 p.m., Plaintiff pulled out of a Motel Six located in Pompano Beach, Florida.  Compl. ¶¶ 7, 8.  He was driving a black 1999 Suzuki Esteem with an unknown passenger.  Compl. ¶ 7.  Detectives Burrows and Condoleo were on patrol and saw Plaintiff pulling out of the Motel Six parking lot. Compl. ¶ 8.  Burrows noticed that the right brake light on Plaintiff's vehicle was partially out and conducted a traffic stop of the vehicle.  Compl. ¶ 9, Ex. C.  Burrows grabbed Plaintiff's Adam's apple and searched Plaintiff's mouth.  Compl. ¶ 8.

Plaintiff was arrested for possession of cocaine in violation of Fla. Stat. § 893.13 and for tampering with or fabricating physical evidence in violation of Fla. Stat. § 918.13.  Compl., Count I, ¶ 3; Count VI, ¶ 4.  "Grounds for the arrest as the Probable Cause Affidavit indicates are chewing by the Plaintiff while Officer A. Burrows noticed brillo in the back seat."  Compl., Count IX, ¶ 20.  Rance was placed into custody and transported to jail.  Count VII, ¶ 12, 13.

The State of Florida filed a criminal case against Rance in the 17th Judicial Circuit in and for Broward County.  Compl., Count VI.  Plaintiff moved to suppress the cocaine that was allegedly recovered from his mouth.  DE 211.  The trial court judge

granted Plaintiff's motion to suppress.  *Id.*  The State Attorney nolle prosequied the

charges against Rance.  Compl., Count VI, ¶ 6.  Subsequently, Rance filed the instant

civil action.  Plaintiff continues to proceed pro se.

## DISCUSSION

The Fourth Amended Complaint asserts causes of action against the Sheriff for

(1) False Arrest/False Imprisonment (Count I); (2) Invasion of Privacy (Count II); (3)

Excessive Force and Unlawful Detention under 42 U.S.C. § 1983 (Count III); (4)

Infliction of Mental and Emotional Distress (Count IV); and (5) Malicious Prosecution

(Count VI).[1]  Plaintiff also asserts causes of action individually against Burrows and

Condoleo under 42 U.S.C. § 1983 for false arrest and use of excessive force (Count

VII); and against Burrows alone for Battery (Count IX).

**Claims Against the Sheriff**

**Section 1983**

Since the Plaintiff does not contend that Sheriff Ken Jenn personally

participated in his arrest, Plaintiff seeks to hold the Sheriff responsible simply

because of his position as the head of the Broward County Sheriff's Department.

However, the Sheriff cannot be liable under 42 U.S.C. § 1983 for the unconstitutional

acts of his subordinates on the basis of respondeat superior or vicarious liability.

*Cook v. Sheriff of Monroe County*, Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citation

---

[1]  There is no Count V.  Count IX is used twice.  It appears the first Count IX
should have been labeled Count VIII.  The heading for the first Count IX is "damages."

omitted).  A municipality may be liable under § 1983 for the actions of a police

officer "only when municipal 'official policy' causes a constitutional violation."  *Gold*

*v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (quoting *Monell v. Dep't of Soc.*

*Servs.*, 436 U.S. 658, 694 (1978)).  A plaintiff must "identify a municipal 'policy' or

'custom' that caused [his] injury."  *Id.* (internal citation omitted).  Rance fails to

identify any policy or custom that caused a constitutional violation or provide record

evidence to support such a claim.  Therefore, Defendants' Motion for Summary

Judgment will be granted on the § 1983 claims against Ken Jenn as the Sheriff (Count

III).

**Common Law Counts Against the Sheriff**

Plaintiff claims that Ken Jenn, as Sheriff of Broward County, is vicariously

liable for Burrows' and Condoleo's actions, including their making an illegal traffic

stop, invading his privacy, conducting an illegal search and seizure, planting cocaine

on him, using excessive force, fabricating a Probable Cause Affidavit which resulted

in malicious prosecution, and causing him mental and emotional distress.

Common Law False Arrest

In Count I, Plaintiff asserts a cause of action for False Imprisonment/False

Arrest.[2]  Therein Plaintiff alleges that the Sheriff, through the actions of Burrows and

---

[2]  False imprisonment and false arrest are different labels for the same cause
of action.  *Willingham v. City of Orlando*, 929 So.2d 43, 50 (Fla. Dist. Ct. App. 2006);
*Rankin v. Evans*, 133 F.3d 1425 (11th Cir. 1998); *Card v. Miami-Dade County Florida*,
147 F. Supp. 2d 1334 (S.D. Fla. 2001).

Condoleo, failed to act in an objective and reasonable manner by, among other things, fabricating the evidence which Defendants used to justify arresting him for possession of the fabricated cocaine.  Rance does not list § 1983 in this count, therefore, the Court assumes this count is based on common law.

"In Florida, the tort of false imprisonment is defined as 'the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty.'"  *Johnson v. Barnes & Noble Booksellers, Inc.*, 437 F.3d 1112, 1116 (11th Cir. 2006) (quoting *Johnson v. Weiner*, 19 So.2d 699, 700 (1944)).  The Sheriff argues that summary judgment should be granted in his favor on this claim because "there is no issue of fact regarding the Plaintiff's arrest being supported by ample probable cause."  If probable cause were not an issue of fact in this case, it would serve as a bar to a state law false arrest claim.  *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998).

The Sheriff's argument must fail, however, because it presumes the existence of probable cause for Rance's arrest and completely ignores the allegations in Rance's Verified Complaint[3] which raise genuine issues of material fact regarding whether there was probable cause to arrest Rance.  Burrows and Condoleo have filed affidavits regarding the facts they perceived which gave them the right to stop and arrest Rance.  Rance, however, has filed a sworn Complaint that avers that Burrows

---

[3]  The allegations in this complaint were sworn under penalty of perjury on December 6, 2007.

and Condoleo fabricated the evidence used to arrest him.  These competing sworn statements present an issue of fact as to whether there was probable cause to arrest Rance.  Accordingly, Defendants' Motion for Summary Judgment will be denied on Count I, against Ken Jenn as Sheriff, for false arrest under Florida law.  *Williams v. The Miami Dade Police Dep't,* 08-10800, 2008 WL 4726101 (11th Cir. Oct. 29, 2008).

Invasion of Privacy

In Count II of his Complaint, Plaintiff asserts a cause of action for Invasion of Privacy under Florida law against the Sheriff.  Rance seems to allege that the Sheriff is vicariously liable under an invasion of privacy theory, for Burrows' and Condoleo's unlawful search of his body (his mouth) and motor vehicle.

The Sheriff asserts that he cannot be liable, as a matter of law, because the officers' decision to search the Plaintiff and his vehicle consisted of a basic judgmental and discretionary governmental function that is immune from suit under Fla. Stat. § 768.28(9)(a).  Florida Statutes § 768.28(9)(a) provides that an employee of the state is immune from liability for ordinary negligence, under the doctrine of sovereign immunity.[4]  *Andrew v. Shands at Lake Shore, Inc.*, 970 So.2d 887, 888 (Fla. Dist. Ct. App. 2007).  Moreover, "the decision of whether to enforce the law by an

---

[4] "Section 768.28 waived governmental immunity for most government activities where there had been an underlying common law duty of care.  The waiver was intended to be broad in its coverage, but clearly was not intended to create causes of action for activities that are inherently governmental in nature." *Trianon Park Condominium Ass'n, Inc. v. City of Hialeah*, 468 So.2d 912, 921 (Fla. 1985).

arrest is a basic judgmental or discretionary governmental function that is immune

from suit . . ."  *Everton v. Willard*, 468 So.2d 936, 937 (Fla. 1985).

However, if an officer commits an intentional act within the scope of

employment, the employing agency may be liable.  *See, Morris H. McGhee, II v.*

*Volusia County*, 679 So.2d 729, 733 (Fla. 1996) (the fact that a deputy "may have

intentionally abused his office does not in itself shield the sheriff from liability");

*Hennagan v. Dept. of Highway Safety and Motor Vehicles*, 467 So.2d 748 (Fla. Dist.

Ct. App. 1985); *Richardson v. City of Pompano Beach,* 511 So.2d 1121 (Fla. Dist. Ct.

App. 1987) (reversing trial court's determination that a municipality cannot ever be

liable under section 768.28(9)(a) for intentional torts committed by its police

officers, including false arrest).  While the "enforcement of laws" is generally an

immune activity under § 768.28, Florida's statutory waiver of sovereign immunity

permits claims against the Sheriff's office and Sheriff in his official capacity for

negligent actions of sheriff's employees in committing battery and false arrest.  Fla.

Stat. § 768.28 (9)(a).

If Rance's evidence is credited, the course of events allegedly committed by

the arresting officers could be found to be unreasonable.  Accordingly, the Sheriff's

argument that he is immune from suit under Florida's sovereign immunity statute is

rejected and Defendants' Motion for Summary Judgment will be denied on Count II,

against Ken Jenn as Sheriff, for invasion of privacy under Florida law.  *Johnson v.*

*Cannon,* 947 F. Supp. 1567, 1574 (M.D. Fla. 1996).

Intentional Infliction of Emotional Distress

      In Count IV, Plaintiff asserts a cause of action for infliction of mental and emotional distress against the Sheriff.  Specifically, the Plaintiff seeks to hold the Sheriff, as the head of the Broward County Sheriff's Department, vicariously liable for the alleged negligent and tortious actions of Burrows and Condoleo made during his arrest.  The Sheriff asserts that sovereign immunity[5] bars litigation of this claim.

      Florida law recognizes the intentional infliction of emotional distress tort.

---

    [5]  Section 768.28(9), Florida Statutes (2006), defines sovereign immunity as follows:

* * * * * *

(9)(a) No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. However, such officer, employee, or agent shall be considered an adverse witness in a tort action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function. The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. *The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.*

Section 768.28(9)(a), Fla. Stat. (2006) (emphasis added).

*See, e.g., Doe v. Evans*, 718 So.2d 286, 294 (Fla. Dist. Ct. App. 1998).  The elements of this tort require a showing that "(1) the wrongdoer's conduct was intentional or reckless; that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous; that is, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe."  *Williams v. City of Minneola*, 619 So.2d 983, 986 (Fla. Dist. Ct. App. 1993).

Florida statutory law provides governmental entities such as the Sheriff's Office with sovereign immunity from suit when certain tort causes of action are brought against them.  Specifically, a tort claim may be brought against a "governmental entity ... unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."  Fla. Stat. § 768.28(9)(a).  By suing Ken Jenne, Rance is suing the Broward County Sheriff's Office, a governmental entity covered under Fla. Stat. § 768.28(9)(a).  Courts have held that the reckless conduct element required to establish a prima facie case of intentional infliction of emotional distress is the equivalent of willful and wanton conduct.  *See Samedi v. Miami-Dade County*, 134 F. Supp. 2d 1320, 1353 (S.D. Fla. 2001); *Williams v. City of Minneola*, 619 So.2d 983, 986 (Fla. Dist. Ct. App. 1993).  The alleged act of intentionally planting evidence rises, as a matter of law, to the level of reckless, willful, wanton or outrageous

conduct.  Therefore, the doctrine of sovereign immunity bars the claim of emotional

distress from being maintained against the Sheriff.  Accordingly, Defendants' Motion

for Summary Judgment will be granted on Count IV, against Ken Jenn as Sheriff, for

infliction of mental and emotional distress.

<u>Malicious Prosecution</u>

In Count VI, Plaintiff asserts a cause of action against the Sheriff, based upon a

theory of vicarious liability, for malicious prosecution.  Essentially, Plaintiff is

claiming that the Sheriff is vicariously liable for malicious prosecution based upon

Burrows' filing of a fictitious Probable Cause Affidavit detailing the Plaintiff's arrest

for cocaine possession and tampering with physical evidence.  The Plaintiff alleges

that the filing of the fictitious Probable Cause Affidavit led to charges being filed

against him by the State Attorney's Office.

The elements of a malicious prosecution claim are: (1) an original criminal or

civil judicial proceeding against the present plaintiff was commenced or continued;

(2) the present defendant was the legal cause of the original proceeding against the

present plaintiff as the defendant in the original proceeding; (3) the termination of

the original proceeding constituted a bona fide termination of that proceeding in

favor of the present plaintiff; (4) there was an absence of probable cause for the

original proceeding; (5) there was malice on the part of the present defendant; and

(6) the plaintiff suffered damage as a result of the original proceeding.  *Fernander v.*

*Bonis*, 947 So.2d 584, 589 (Fla. Dist. Ct. App. 2007) citing *Valdes v. GAB Robins N.*

*Am., Inc.*, 924 So.2d 862, 866 n.1 (Fla. Dist. Ct. App. 2006).

The Sheriff asserts that he is entitled to entry of summary judgment in his favor on this claim because the officers had probable cause to arrest Rance and the presence of probable cause to support Plaintiff's arrest defeats the claim.  While the Sheriff is correct on the law, he is incorrect on its application.  This same argument was rejected above in considering Rance's claim for false arrest.  Plaintiff's verified complaint alleges that Burrows and Condoleo fabricated the cocaine allegedly found on him.  Rance was arrested for possession of cocaine.  Rance's allegations are sworn to and serve to rebut the Sheriff's argument for purposes of the instant motion for summary judgment.  "Where challenges to the legitimacy of the relevant evidence exist, the question of whether there was an absence of probable cause is a question rightly reserved for the jury." *Williams v. Miami-Dade Police Dep't*, No. 08-10800, 2008 WL 4726101, *6 (11th Cir. Oct. 29, 2008).   Genuine issues of material fact exist in this case as to the legitimacy of the cocaine evidence allegedly retrieved from Rance's mouth.

The Sheriff further argues, however, that because Rance is suing him vicariously based upon the actions of Burrows, he is shielded from liability under the doctrine of sovereign immunity because even if Rance were able to prove malice, the Sheriff is not liable for the actions of his employees that are done with malicious purpose.  As the Court found above relative to the Sheriff being shielded by sovereign immunity from Plaintiff's claim for infliction of mental and emotional distress, this

cause of action also requires proof of malicious intent.  When maliciousness is an element of the cause of action, a governmental officer sued in his official capacity is protected by sovereign immunity.  Thus, Fla. Stat. § 768.28(9) shields the Sheriff from this claim.  Accordingly, Defendants' Motion for Summary Judgment will be granted on Count VI, against Ken Jenn as Sheriff, for malicious prosecution.

**Claims Against the Detectives Individually**

Section 1983 Unlawful Arrest Claim

In Count VII, the Plaintiff asserts a cause of action against Burrows and Condoleo under 42 U.S.C. § 1983 for false arrest and against Burrows alone for use of excess force.  Regarding the false arrest claim, Plaintiff alleges that Burrows and Condoleo fabricated the story that Plaintiff had cocaine in his possession.  Thus, Plaintiff asserts that Burrows and Condoleo falsified the facts to establish probable cause.  Plaintiff further claims the statements made in the Probable Cause Affidavit are "imaginative, unreal and simply [ ] not believable."

Section 1983 does not create any substantive rights, it merely provides a remedy for deprivations of rights established by the United States Constitution or the laws of the United States. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Under the Fourth Amendment of the Constitution, which is applicable to the states through the Fourteenth Amendment, persons have a right to be free from arrest unless there is probable cause.  If this right is encroached, it may give rise to a claim for damages under Section 1983. *Motes v. Myers*, 810 F.2d 1055 (11th Cir. 1987).

In their motion for summary judgment Burrows and Condoleo submit that they are entitled to qualified immunity because, under the circumstances as they perceived them on the evening in question, ample probable cause existed to support the initial stop, search and subsequent arrest of Plaintiff.

The qualified immunity analysis first requires a finding that Burrows and Condoleo were acting within the scope of their discretionary authority when the allegedly wrongful act occurred.  *See Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991) (quoting *Rich v. Dollar*, 841 F.2d 1558, 1563 (11th Cir. 1988)).  In this case, there appears to be no dispute that Burrows and Condoleo were acting in their discretionary capacity when they came into contact with Plaintiff.[6]  Accordingly, the Court next considers whether Plaintiff has met his burden of showing that Burrows and Condoleo are not entitled to qualified immunity.  *See id.* (stating that once it is established that defendant was acting within his discretionary authority the burden shifts to the plaintiff to show that qualified immunity is not appropriate).  This inquiry requires that the Court, taking the facts in the light most favorable to the party asserting the injury, ask, "do the facts alleged show the officer's conduct

---

[6]  To state a claim for relief under § 1983 a plaintiff must establish that he was deprived of a right secured by the constitution or laws of the United States and that the person who committed the alleged deprivation acted under color of state law. *See Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003); *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000).  In this case there is no dispute that both detectives were acting under color of state law during the events at issue in this case.

violated a constitutional right?"  *Saucier v. Katz,* 533 U.S. 194, 201 (2001).  If, under

the injured party's version of the facts, the defendant's conduct violated a

constitutional right, the court must then determine "whether the right was clearly

established."  *Id.*

The Court finds that the facts, viewed in the light most favorable to Plaintiff,

show that Burrows and Condoleo violated Rance's constitutional right to be free of

unlawful seizure or arrest.  Rance alleges in his Verified Complaint that Burrows and

Condoleo fabricated the evidence used to arrest him for possession of cocaine.

Falsifying facts to establish probable cause is patently unconstitutional.  *Kingsland v.*

*City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004);  *Williams v. Miami-Dade Police*

*Dep't*, No. 08-10800, 2008 WL 4726101, *6 (11th Cir. Oct. 29, 2008).  All reasonable

government actors in defendants' place would know that such alleged conduct

violates clearly established law.  *Adams v. Poag,* 61 F.3d 1537 (11th Cir. 1996); *See*

*also Clark v. Evans*, 840 F.2d 876 (11th Cir. 1988); *Barker v. Norman,* 651 F.2d 1107

(5th Cir. 1981).  Qualified immunity does not protect those "who knowingly violate

the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  If "it would be clear to a

reasonable officer that his conduct was unlawful in the situation he confronted,"

then qualified immunity does not apply.  *Saucier v. Katz*, 533 U.S. at 202.

Accordingly, the court finds that, based on the present record, questions of material

fact exist as to whether qualified immunity shields Burrows and Condoleo from having

to defend this claim.  Accordingly, Defendants' Motion for Summary Judgment will be

denied on Count VII against Burrows and Condoleo individually under § 1983 for

Unlawful Arrest

Section 1983 Excessive Force Claim

In Count VII, Plaintiff also alleges that Burrows used excessive force against

him by grabbing his Adam's apple during the arrest.  DE 159 at 13, 19.  Protection

against the use of excessive force by law enforcement is governed by the Fourth

Amendment's objective reasonableness standard.  *Graham v. Connor*, 490 U.S. 386,

389 (1989); *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008); *Reese v.

Herbert*, 527 F.3d 1253, 1262 n.11 (11th Cir. 2008).  To prove a Fourth Amendment

violation, Rance must show that a seizure occurred and that the force used in

effectuating the seizure was greater than necessary.  *Samarco v. Neumann,* 44 F.

Supp. 2d 1276, 1284-85 (S.D. Fla. 1999).

Police officers are permitted to use the amount of force that is objectively

reasonable to carry out an arrest, in light of the circumstances present at that time.

*Samarco*, 44 F. Supp. 2d 1276 at 1285.  Whether the force used by the police officer

was reasonable is usually a question reserved for the jury.  However, a court may

grant summary judgment if it determines that the evidence, viewed in the light most

favorable to the plaintiff, shows that force was reasonable under the circumstances

surrounding the arrest.  *Id*.  The totality of the circumstances examined include the

severity of the crime at issue, whether the suspect posed an immediate safety threat,

and whether the suspect was actively resisting or attempting to evade arrest.

*Graham,* 490 U.S. at 396.

The excessive force alleged by Rance consists of Burrows forcefully grabbing him around the neck.  "I was choking and gagging from the grip that Officer Burrows had around my neck.  While grabbing me around my neck, the Adam's apple to be exact, the officer pushed me over the trunk of his car and buried my face into the trunk of his car."  Compl. ¶ 8, *see also* at 21, ¶ 17.

Rance does not describe any other physical act and does not indicate what injuries, if any, he suffered from the grabbing and shoving.  Assuming, as Plaintiff alleges, that Burrows unjustifiably grabbed him by the throat and pushed and shoved him over and into the trunk of his car, any resultant injuries, if any, were minor and do not support his claim that he was subjected to anything other than de minimis force.  The Eleventh Circuit Court of Appeals has held that "the application of de minimis force, without more, will not support a claim for excessive force" in violation of the Fourth Amendment.  *Durruthy v. Pastor*, 351 F.3d 1080, 1094 (11th Cir. 2003) citing *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000).  Therefore, under the circumstances of this case, because of the de minimis amount of force used and the lack of any alleged injury inflicted upon Rance, Burrows is entitled to summary disposition of Plaintiff's claim of excessive force in his favor.  Accordingly, Defendants' Motion for Summary Judgment will be granted on Count VII for excessive force against Burrows individually under 42 U.S.C. § 1983.

Battery

In Count IX, Plaintiff asserts a cause of action against Burrows individually for battery under Florida law.  Therein, Plaintiff alleges that Burrows committed battery upon his person when he grabbed Plaintiff's neck during the arrest.  Burrows seeks summary judgment in his favor on this claim stating that under Florida case law, acts by law enforcement officers that are ordinary incidents of an arrest do not give rise to an independent tort.  "Detective Burrows utilized the force necessary to prevent the Plaintiff from swallowing an object that later field tested positive for cocaine, proving that his reasonable use of force was incident to the Plaintiff's arrest. . ."  DE 208 at 23.  Since, as discussed above, there is a genuine issue of material fact regarding whether the arrest was supported by probable cause, this argument misses the mark.

According to Fla. Stat. § 768.28(1),[7] Florida's sovereign immunity statute waives immunity for negligent and intentional torts.  *Maybin v. Thompson,* 514 So. 2d 1129 (Fla. Dist. Ct. App. 1987); *see also McGhee v. Volusia County,* 679 So. 2d 729

---

[7]  Fla. Stat. § 768.28(1) specifically provides that:

Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages ... for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment under circumstances in which the state or such agency or subdivision, if a private person would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.

(Fla. 1996); *Johnson v. State Dept. of Health and Rehabilitative Services*, 695 So. 2d 927 (Fla. Dist. Ct. App. 1997); *Duyser by Duyser v. School Bd. of Broward County*, 573 So. 2d 130 (Fla. Dist. Ct. App. 1991).  For example, in *Richardson v. City of Pompano Beach*, the court held that the city was not immune from liability for the intentional torts of assault and battery committed by one of its police officers during an arrest. *Richardson v. City of Pompano Beach*, 511 So. 2d 1121 (Fla. Dist. Ct. App. 1987).

In Florida, the tort of battery "consists of the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent."  *Quilling v. Price*, 894 So.2d 1061, 1063 (Fla. Dist. Ct. App. 2005).  Plaintiff has alleged that Burrows intentionally made offensive contact with him and has thus adequately alleged a battery by Burrows. Accordingly, Defendants' Motion for Summary Judgment on Count IX against Burrows individually for battery under Florida law will be denied.

<u>CONCLUSION</u>

In accordance with the findings made above, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment  [DE 208] is **GRANTED IN PART AND DENIED IN PART as follows.**

**The motion is granted on**

1.      Count III, the § 1983 claims against Ken Jenn as the Sheriff;

2.      Count IV, against Ken Jenn as Sheriff, for infliction of mental and emotional distress;

3.      Count VI, against Ken Jenn as Sheriff, for malicious prosecution; and

4.      Count VII against Burrows individually for excessive force under 42

U.S.C. § 1983.

**The motion is denied on**

5.      Count I, against Ken Jenn as Sheriff, for false arrest under Florida law;

6.      Count II, against Ken Jenn as Sheriff, for invasion of privacy under

Florida law;

7.      Count VII against Burrows and Condoleo individually for false arrest

under 42 U.S.C. § 1983; and

8.      Count IX against Burrows individually for battery under Florida law.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 8th day of December, 2008.

KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record